Based upon the Stipulation of the parties correcting the record and setting forth the relevant sums involved, it is found: (1) That the principal amount wrongfully collected from IMPL funds is $1,484,567.39; (2) that the remaining principal amount wrongfully collected is $1,544,044.85; and (3) that interest up to and including December 31,1978 at 4 percent per year on the $1,484,567.39 in IMPL funds wrongfully collected equals $1,949,003.82. Whereas the factual Stipulation of the parties notes that interest is to run until the entry of a final judgment, this Court’s Opinion in Appeal No. 4-76 affirmed the award of interest by the Indian Claims Commission until final payment (38 Ind. Cl. Comm. 1, 60 (1976)). Normally, when payment of interest is authorized, it runs to date of payment. (See, e.g., Kelly v. United States, 209 Ct.Cl. 706, 708-09 (1976).) The statute upon which the payment of interest is premised in this matter, 25 U.S.C. § 161b (1976), does not support any denial of interest for the period, if any, between the date of final judgment and the payment thereof. No basis exists now to reverse the award by the Indian Claims Commission of interest to date of payment.
Accordingly, it is ordered that judgment is granted in accordance with the provisions of Pub. L. No. 95-69, 95th Congress, July 20, 1977, 91 Stat. 273, for the Gila River Pima-Maricopa Indian Community plaintiffs in Docket No. 236-E, in the sum of $4,977,616.06 ($1,484,567.39 plus $1,544,044.85, plus $1,977,616.06) plus interest at 4 percent per annum on the sum of $1,484,567.39 from January 1, 1979 until paid.